UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Donald W. Gay, | ) C/A No. 9:15-2134-CMC-BM |
| Petitioner, | ) |
| v. | ) **REPORT AND RECOMMENDATION** |
| ~~State of South Carolina,~~ Lee Warden Cecilia Reynolds, ~~S.C.D.C Director NFN Stirling,~~ ~~Attorney General Alan Wilson,~~ | ) |
| Respondent. | ) |

Petitioner, Donald W. Gay, a state prisoner at the Lee Correctional Institution, a part of the South Carolina Department of Corrections, filed this Petition for Writ of Habeas Corpus pro se and in forma pauperis, pursuant to 28 U.S.C. § 2254.[1] Although Petitioner fails to provide specifics, it appears from his Petition, as well as past cases filed in this Court, that he is challenging his 1997 murder conviction (96-GS-40-10472) in the Court of General Sessions for Richland County, South Carolina. See, e.g. Petition, ECF No. 1 at 1; Gay v. McCall, No. 3:13–937–CMC–JRM; 2013 WL 3289109 (D.S.C. June 28, 2013)[dismissing fifth attempt to file a petition for habeas corpus as a successive petition].[2]

---

[1] Although Petitioner did not complete a standard § 2254 petition, he titled his Petition "Writ Habeas Corpus," and requests that his sentence be vacated. ECF No. 1 at 1, 5. To the extent that Petitioner instead intended to bring an action pursuant to 42 U.S.C. § 1983, the action is subject to summary dismissal, as is discussed below.

[2] A federal court may take judicial notice of the contents of its own records. See Aloe Creme Labs., Inc. v. Francine Co., 425 F.2d 1295, 1296 (5th Cir. 1970).



Under established local procedure in this judicial district, a careful review has been made of the pro se petition filed in the above-captioned case pursuant to the procedural provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996, Pub.L. 104-132, 110 Stat. 1214 (AEDPA), and in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995); and Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983). Pro se petitions are also held to a less stringent standard than those drafted by attorneys, and a federal district court is charged with liberally construing a petition filed by a pro se litigant to allow the development of a potentially meritorious case. See Hughes v. Rowe, 449 U.S. 5, 9 (1980) (quoting Haines v. Kerner, 404 U.S. 519, 520 (1972)); Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978) (citing Rice v. Olson, 324 U.S. 786, 791–92 (1945); Holiday v. Johnston, 313 U.S. 342, 350 (1941)).

Nonetheless, this Court is also charged with screening Petitioner's lawsuit to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387, 391 (4th Cir. 1990). Such is the case here.

### Discussion

Petitioner has previously filed five petitions for a writ of habeas corpus in this Court challenging the same conviction and sentence he is challenging in the above-captioned matter. See

Gay v. McCall, 2013 WL 3289109 at *1; Gay v. McCall, No. 3:12–1728–CMC–JRM, 2012 WL 3265008, at *1 (D.S.C. Aug. 9, 2012)[dismissing § 2254 petition without prejudice as a successive petition]; Gay v. McMasters, No. C/A No. 3:09–1681–CMC–JRM, 2009 WL 2151784, at *1 (D.S.C. July 16, 2009)[dismissing § 2254 petition without prejudice as a successive petition]; Gay v. Padula, No. 3:07-4006-CMC-JRM, 2008 WL 4280380, at *1 (D.S.C. Sept. 10, 2008) [granting Respondent's motion for summary judgment and dismissing Petitioner's § 2254 Petition with prejudice]; Gay v. State of South Carolina, No. 3:07-2623-CMC-JRM (D.S.C. Sept. 26, 2007)[dismissing § 2254 petition without prejudice for petitioner's failure to bring the petition into proper form]. "Under the AEDPA, an individual may not file a second or successive § 2254 petition for a writ of habeas corpus or [a 28 U.S.C.] § 2255 motion to vacate sentence without first receiving permission to do so from the appropriate circuit court of appeals." In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997). The "gatekeeping" mechanism created by the AEDPA amended § 2244(b) to provide:

> The prospective applicant must file in the court of appeals a motion for leave to file a second or successive habeas application in the district court. § 2244(b)(3)(A). A three-judge panel has 30 days to determine whether "the application makes a prima facie showing that the application satisfies the requirements of" § 2244(b). § 2244(b)(3)(C); see §§ 2244(b)(3)(B), (D).

Felker v. Turpin, 518 U.S. 651, 657 (1996).

Petitioner had a previous § 2254 petition (Civil Action No. 3:07–4006–CMC–JRM) decided on the merits, such that the present Petition is successive. Therefore, the Petition filed in this case should be summarily dismissed because it is successive and there is no indication that Petitioner requested and received permission from the United States Fourth Circuit Court of Appeals before he submitted it to this Court. See Slack v. McDaniel, 529 U.S. 473, 485-89 (2000) [to qualify



3

as a "successive" petition, prior petition must have been adjudicated on the merits].[3] Even if Petitioner is attempting to present a new ground for relief, under the AEDPA, an individual may not file a second or successive § 2254 petition for a writ of habeas corpus (or the equivalent thereof) without first receiving permission to do so from the appropriate circuit court of appeals,[4] as the "gatekeeping" mechanism of 28 U.S.C. § 2244(b)(3)(A) provides that, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.[5] See In re Williams, 364 F.3d 235, 238 (4th Cir. 2004) [the "initial determination of whether a claim satisfies" the requirements of § 2244(b)(2) "must be made by a court of appeals"]; In re Fowlkes, 326 F.3d 542, 544 (4th Cir. 2003) ["Since Fowlkes has previously filed a section 2254 motion, he may only file a successive section 2254 motion if he receives authorization from this court [the Fourth Circuit Court of Appeals] under the standard established in section 2244(b)(3)(C)."]; United States v. Winestock, 340 F.3d 200, 205 (4th Cir. 2003)["In the absence of

---

[3]The issue of successiveness of a habeas petition may be raised by the court sua sponte. Rodriguez v. Johnson, 104 F.3d 694, 697 n. 1 (5th Cir. 1997).

[4]A petitioner may be able to present a claim for the first time in a successive habeas petition where the claim relies on a new rule of constitutional law, see 28 U.S.C. § 2244(b)(2)(A), or, if the claim is based on newly discovered evidence, where the petitioner can make a prima facie showing of both cause and prejudice within the meaning of § 2244(b)(2)(B)(i) and § 2244(b)(2)(B)(ii). See Evans v. Smith, 220 F.3d 306, 323 (4th Cir. 2000). Even if a petitioner's grounds for relief satisfy these strict requirements, however, the Fourth Circuit is still the proper tribunal to make that decision when authorization is requested, not the district court. "The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari." 28 U.S.C. § 2244(b)(3)(E).

[5]Rule 9 of the Rules Governing Section 2254 Cases in the United States District Courts reiterates this requirement, stating that "[b]efore presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals, authorizing the district court to consider the petition as required by 28 U.S.C. § 2244(b)(3) and (4)."

4

pre-filing authorization [from the court of appeals], the district court lacks jurisdiction to consider an application containing abusive or repetitive claims."].

There is no indication that Petitioner has received permission from the Fourth Circuit Court of Appeals before filing the present Petition. Consequently, this Court has no jurisdiction to consider the instant § 2254 Petition. See In re Williams, 444 F.3d at 236-37 (4th Cir. 2006); United States v. Winestock, 340 F.3d at 205 (4th Cir. 2003).

Petitioner also requests monetary damages of $900,000 per year for his alleged wrongful conviction, contending that the prosecutor committed "prosecutorial misconduct, malicious prosecution, kidnapping, and slavery." ECF No. 1 at 5. However, the habeas statutes do not authorize monetary damages, such that Plaintiff's monetary damage claims are not available in this action. See Preiser v. Rodriguez, 411 U.S. 475, 494 (1973)["In the case of a damages claim, habeas corpus is not an appropriate or available federal remedy."]; McKinney-Bey v. Hawk-Sawyer, No. 03-6455, 69 F. App'x 113 (4th Cir. May 29, 2003)[Affirming dismissal of claim for monetary damages in a habeas action because "such relief is not available under 2241."]; Littlejohn v. South Carolina, No. 10-745-RBH-WMC, 2010 WL 1664889 at * 2 (D.S.C. Apr. 2, 2010)["Monetary damages are not available in habeas corpus action."]. Although Petitioner could sue in federal court for damages under 42 U.S.C. § 1983, in order to recover damages in a § 1983 action for imprisonment in violation of the Constitution, Petitioner's conviction would first have to be successfully challenged. See Heck v. Humphrey, 512 U.S. 477 (1994):

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, . . . a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or



5

called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

Heck, 512 U.S. at 486-87.

Petitioner has not alleged that he has successfully challenged his conviction, and as Petitioner has not shown a favorable termination as to his conviction, his claims for malicious prosecution and his claims that sound as false imprisonment (kidnapping and slavery) are barred by Heck, and should be dismissed. See Lambert v. Williams, 223 F.3d 257, 260–261 (4th Cir. 2000)[claim for malicious prosecution requires a showing that the initiation or maintenance of a proceeding against the plaintiff was without probable cause to support it and a termination thereof occurred in favor of the plaintiff], cert. denied, 531 U.S. 1130 (2001); Brooks v. City of Winston–Salem, 85 F.3d 178, 183 (4th Cir. 1996)[Claim for malicious prosecution does "not accrue until a favorable termination is obtained."]; Roesch v. Otarola, 980 F.2d 850, 853–854 (2d Cir. 1992)[holding that requirement that a plaintiff receive favorable termination applies to claims of false arrest, false imprisonment, and malicious prosecution].[6]

### Recommendation

Based on the foregoing, it is recommended that the instant Petition for a Writ of Habeas Corpus be summarily dismissed without prejudice and without requiring Respondent to file a return. See Eriline Co. S.A. v. Johnson, 440 F.3d 648, 656 (4th Cir. 2006)[district courts are

---

[6]Petitioner previously brought § 1983 actions challenging search and/or arrest warrants as to his arrest for murder, which were summarily dismissed. Gay v. State of South Carolina, No. 3:12-2752-CMC-JRM, 2012 WL 6186311 (D.S.C. Dec. 12, 2012); Gay v. City of Columbia Police Dep't, No. 3:12-2260-CMC-JRM, 2012 WL 3945319 (D.S.C. Sept. 10, 2012).



6

charged with the duty to independently screen initial filings and dismiss those actions that plainly lack merit without requesting an answer from the respondent].

    Petitioner's attention is directed to the important notice on the next page.

                                                        Bristow Marchant
                                                    United States Magistrate Judge

June 17, 2015
Charleston, South Carolina

### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

8

